May it please the Court, Paul Aloulis, appearing on behalf of the United States of America. If I may, Your Honor, I would like to reserve five minutes of my time for rebuttal. That's a hefty request, but I'll say sure now, and then we'll see. During that time, it's my intention to address the cross-appeal on behalf of Robb Evans & Associates. Your Honors, the District Court erred by holding that the receiver asserting the taxpayer's claim for refund here need not demonstrate that taxpayers included their income under a claim of right. The claim of right deduction is allowable pursuant to 26 U.S.C. Section 1341. There are four requirements to obtain that specialized treatment for an income tax deduction. The item first must be included in gross income because it appeared that the taxpayer had an unrestricted right to such item. It must later be determined that that right was not correct, that that appearance of an unrestricted right was not correct. There must be a deduction allowable in the year in which the funds are repaid, and the deduction must be greater than $3,000. In this case, the District Court erred by finding that the receiver was not required to demonstrate that the taxpayer satisfied the first requirement for Section 1341 treatment, which is that the item be included in gross income under the appearance of an unrestricted right, also known as a claim of right. The first important point in this case to note is that the taxpayers owe tax on all of the funds at issue here. There is no question that even when taxpayers receive income as a result of fraud or other illegal activity, they owe income taxes on that income as they realize economic gain from it. It is also without dispute that taxpayers would not qualify for Section 1341 treatment in their own right. As taxpayers who earn the income through actions of intentional fraud, they cannot, in the year during which they earn the income, have an appearance of an unrestricted right to that income. The word appearance, is that a reference to how it would look to the taxpayer? I think it is, Your Honor, and in this case, as fraudsters, the taxpayers, even to them, it could not have appeared that they had an unrestricted right to that income. No, in fact, the prior rulings of this Court affirming the verdicts against the company, them individually, and I think punitive damages have taken care of that issue. Yes, Your Honor, that is, in fact, correct. The District Court in the underlying action, the Zimmerman action, found that the taxpayers here had committed intentional fraud and this Court has affirmed those judgments. So that is established, that the taxpayers here committed intentional fraud and it was through that fraud that the income was earned. As a result, the taxpayers cannot have had, even to themselves, an appearance of an unrestricted right to the income when they earned it. Now, the more difficult question, I think, comes into this case where the District Court allowed the receiver to bring this claim forward on behalf of the taxpayers. And that is an important point here. The receiver is asserting this tax refund claim on behalf of the underlying taxpayers. It is the taxpayers' tax refund claim and it's on the facts as pertained to the taxpayers on which that claim rises or falls. Okay, now the government originally challenged the receiver's standing to bring this claim on behalf of the taxpayers and as I read your appellate briefs, you do not renew that challenge on appeal. That's correct, Your Honor, as it pertains to the Section 1341 claim. Just wanted to clarify that. Yes, and in fact, that's a very important point with respect to this issue because the government's argument in the District Court was that the receiver lacked standing to bring the claim because the receiver was asserting a claim independent of the taxpayers.  That in fact, the receiver was asserting the claim of the taxpayers in seeking this refund. And in fact, in the administrative claim for refund, in the amended Forms 1040 that the receiver filed, they essentially made that same argument that the tax refund claims of the taxpayers were an asset of the receivership that the receiver was entitled to assert. Because the receiver was asserting the refund claims on behalf of the taxpayers, the receiver must establish that the taxpayers are entitled to those refunds and the receiver cannot do so. It's ironic. Your concession on standing gives you the very reason why you say there's no appearance of right here because if they're stepping into the taxpayer's shoes, the taxpayers didn't have any such right. That's correct, Your Honor. They are absolutely stepping into the taxpayer's shoes. The taxpayers have no right to the refund and the receiver's rights can go no farther than that. What about the District Court's notion that the Code is subject to equitable principles and reinterpretation according to equity? Well, certainly, Your Honor, that is not correct. This Court and the Supreme Court have made clear that courts are not free to simply rewrite statutes in order to achieve an equitable result or a perceived equitable result. That's generally true, but is there a specific case in the Internal Revenue Code area? Not one that specifically comes to mind at this time, Your Honor. But I think even accepting that 1341 was drafted to specifically address certain equitable considerations, those equitable considerations are not the ones that are present in this case. And in fact, I think that is the only way that the District Court reached the result that it did was to fashion an equitable exception to the statute that doesn't exist in the text. Am I right in thinking if you win on this argument, then there is no argument left on the cross-appeal? That's correct, Your Honor. Well, I'm not so sure that your brother will agree with you on that. There is the argument being made that the constructive trust theory somehow supersedes everything and cuts across to allow the receiver to retrieve the funds that the government got subject to the constructive trust. I'm not saying I subscribe to that theory, but that's a theory I read in the receiver's brief. Yes, Your Honor. And I would have, I think, three responses to that argument. First, as the District Court found that that argument was not properly raised in the District Court and therefore is not properly before this Court. Even more fundamentally, that argument, that legal claim was not made in the administrative claim for refund that the receiver filed with the Internal Revenue Service. And there's something called the Variance Doctrine which prevents a taxpayer or someone asserting a claim for refund from coming forward with a tax refund suit when the specific legal and factual basis for that claim is not made in the administrative claim for refund. And in this case, an examination of the administrative claims for refund finds that that is the case here as well. Finally... On that point, I understand that the claim for administrative refund covered certain tax years but then other tax years were added to the lawsuit that had not yet been subject to the administrative refund and you end up more or less agreeing that that can be done and then asking that judgment be entered so you can come up on an appeal. So is there a limit to your exhaustion argument because of that fact? No, Your Honor, there is not. In fact, what happened in this case is that the receiver went back and filed administrative claims for refund for subsequent years as well. And all of those administrative claims for refund were based upon the Section 1341 claim that the receiver is pressing here. And that's clear in the record? I believe it's clear in the record, Your Honor. It is. Okay. And your third point? The third point, Your Honor, is that the constructive trust claim could not be brought to this Court on a stand-alone basis. There is no waiver of sovereign immunity that would authorize the receiver to simply come into Court on a stand-alone constructive trust argument and seek this tax refund. And for that reason, for all three of those reasons, it is correct that the Court need not address the receiver's appeal if, in fact, it agrees with the government. But in the government's view, we certainly don't have to deal with all three of those reasons because any one of them would be sufficient. I think that is correct, Your Honor. Yes. Yes. On the no waiver of sovereign immunity argument with respect to the constructive trust stand-alone argument, I think it's important to note there is no congressional authorization for such a stand-alone argument to be brought forward with respect to a tax refund claim. The Appropriations Clause, I think, would bar such a claim absent the existence of a statute allowing such a claim. And there is nothing in the Internal Revenue Code that would allow such a claim to be brought. Okay. And please, the Court. David Dundler for Robbins & Associates. I also wanted to talk about the constructive trust claim and so I will get there. First of all, the constructive trust claim was raised in the first amended complaint. That amended complaint was not taken up by the District Court but it was assented to by the government. So the allegations there are entitled to be viewed as a... But it was not presented to the IRS as part of the claim for refund. No, I don't think it needed to be because it's a stand-alone claim that under the Waiver of Sovereign Immunity in 1346 is sufficient. But 1346, the Waiver of Sovereign Immunity for refund claims. But it's any wrongfully collected tax. And in our view the money that... It's a segregable fund that is... And the receiver was tasked pursuant to the federal court's equitable order to get that money wherever found. But your argument on a wrongfully collected tax seems to me barred by the fact that there's no dispute in the law that even income from criminal activity is taxable. There was no wrongful taxation in this case and therefore that waiver wouldn't apply. Well, the money was never the Puccio's to have. Their title, the IRS's title was a wrongfully collected tax and if we make the assumption I make it that the Puccio's had no right to that money that they obtained it by criminal means they still owed a tax to the United States of America and therefore a waiver that turns on wrongfully collected is not going to avail you. Well, I think it depends on how you interpret wrongfully collected. If it's money that is part of a constructive trust which reverts back then it never should have been paid in the first instance. They should have evaded tax on their criminal income is what you're saying. Let's get back to that which is the whether or not the Puccio's and their organization had a semblance of a right. We argue that they certainly did. The district court initially dismissed our claims the entire packet of our claim was the false representation to consumers of non-profit status and the 501c3 status. If that could not be challenged because the district court said you can't challenge that because the IRS grant of tax status is controlling then there was no way that we could make any claim in state court or otherwise. The entire predicate was that there was a false representation of non-profit status. The fact that you could not make a claim does not mean that the money was not taxable as criminally derived income. The one does not affect the other. But there's a relation back in a constructive trust that I think separates where there's an identifiable fund. There may be a relation back but we abound by the Internal Revenue Code and the Internal Revenue Code says the ill-gotten gains are taxable and it seems to me that is the decisive point here. If you think that's the decisive point then let me get to the restoration requirement because I think we can demonstrate restoration that we can satisfy that requirement. The IRS says that 461H is the be-all and end-all of restoration that statute mandates economic performance, actual economic performance even of an accrual basis taxpayer and these were found to be accrual basis taxpayers. That means that the IRS is saying how to actually pay the money back. Well 461H if you look at it says in general, that's the rule, it says that in every provision of its I mean it says it about four times and then it says except in the regulations. If you look at so in other words the specific controls the general here. You have the general statute 461H then you have the specific statute of 1341 now 1341 was enacted long before 461H and it's implementing regulation which is 26 CFR 1.1341-1 E is the one that supports you don't need to make restoration if you're an accrual basis taxpayer. If you're an accrual basis taxpayer then all it says that the year you were entitled to apply in the year of the obligation properly accrues for repayment. So you don't need to make actual restoration. And even if the government was right there, which it's not, where you have a specific regulation and the more general statute says specific regulations control, then you go back to the specific regulation and the specific regulation that governs here along with the IRS's tax manual which also supports that for accrual basis taxpayers they get to get the deduction in the year of accrual. Isn't the essence of this argument that accrual basis taxpayers are not subject to the normal rule that if you have engaged in criminal activity you still have to pay taxes on it? The problem I'm having with your whole argument is it upsets that foundational rule. And that was plainly not what Congress was intending when it provided these efforts when it provided for a limited refund. Well there's it provides for a limited refund and there have been cases that have allowed non-taxpayers, Williams from the Supreme Court allows a non-taxpayer i.e. the wife to make the claim. It says she has standing to sue. Right. I wouldn't go much beyond that the Williams case. The government's conceded that they're standing here. And having done so cases like Shoals give, there's no reason to not bind the consumer bind the receiver I'm sorry to the wrongs of the of the Puccios even assuming and I disagree I think the Puccios did have a semblance of a right and so therefore they did have a right. How do you say that in light of our prior opinion? Because at the time the taxes were being paid that opinion didn't exist. Are you even free to make that argument to us? Sure. The district court decided that point against you based on collateral issue preclusion because of our prior decision. Correct. Your brief doesn't argue issue preclusion at all. It shouldn't. Well if you don't argue it then we take the district court's opinion as conceded. Because that's not the right argument. The right argument is that it's a subjective standard from the Puccio's point of view at the time they paid the taxes. Did they have a semblance of a right? And our prior opinion found that they knew they were engaged in fraud throughout this entire endeavor. Intentional fraud. Intentional fraud. That's inconsistent with the history of the case which is that until we came before this court in 2005 we had lost. The court had said you, the Puccio's, win. You're entitled to judgment. And the reason you're entitled to judgment is because you have a valid defense which is that the Credit Repair Organizations Act exemption is defined by the IRS's grant of non-profit status. And that's what we came up here on. And so up until then, the Puccio's have a basis to believe they were entitled to the right. But you didn't argue that in your brief? We did. That we did argue. Alright. I'll take another look. Okay. So, I mean, I think what we need to do is harmonize. Assume that we can get past and I think, I mean, you're saying that Cooper may be wrongly decided but I don't think you need to get there. Yes, Cooper may well be wrongly decided. Why don't we need to get there? Because the Puccio's had a semblance of a right at the time they paid the taxes. Okay. Right? That's essential to your argument. Assuming you believe Cooper is wrongly decided, yes. If not, Cooper then carries the day and we are not stuck with the mud on the boots of the Puccio's, right? So it's an alternative argument. But I think the most important thing here is look, the money indisputably belongs to the consumers, nobody No, it doesn't. It belongs to the federal government now and you're asking the American taxpayers who received the money legitimately to now take care of the consumers who were defrauded. Going against the general rule that sorry, that money belongs to the government and there are damn good reasons for that rule. No, I think in this particular circumstance where the government was the one that put the gun in the Puccio's hands to begin with and left it there for ten years there are no good reasons and the money is an identifiable fund. I mean, they let a whole industry go for ten years. And again, that goes to the point of did the Puccio's believe they were pursuing criminal conduct at the time? There were hundreds of other entities, and this has been the record, that were doing exactly the same thing and that the IRS was taking returns every year and going okay, okay, okay, okay. Alright, but here we have an identifiable fund of money that the consumers paid. Nobody disputes that that fund is identifiable and fully traceable. And so what we really have here is do we let the CROA which is a federal statute and has its own goals be subjugated to an IRS rule which I don't think there's any good reason for, especially since its own tax directive 36 says that where there are competing claims to the same money the government will defer unless, the only thing that the government is making is that the money was paid. But it's not it's not a question of an IRS rule, it's a question of a statute. Congress enacted 1341, which is quite clear. Congress didn't sound an uncertain trumpet. It enacted it to remedy a particular inequity. You and the district court want us to read that statute as if it was a general equitable relief statute and use it to remedy a different and grievous inequity. And I don't know of any legal principle that gives us permission to do violence to an act of Congress in that fashion. I don't think it does violence to an act of Congress in so far as, I mean, first of all the Bougiers did have a semblance of a right, so that's point one. But second of all, I don't think doing equity, that's what courts are for is to do justice. And here, where you have the facts given in this situation and you have an equity receiver enforcing a federal statute that has federal goals to subjugate that just based on the fact that there was payment to the government. The constructive trust would allow the consumer to go, the receiver to go wherever found, wherever the monies are found. So you're making an exception here to one place that you can't go to get the identifiable fund is the U.S. Treasury. And in this case, especially given the IRS's conduct and I won't say complicity but conduct, that's just a terrible result. And it's unjust. And in my mind you can get there you can get there by applying a statute literally through allowing the consumers to go and then because of their unrestricted right and then also the fact that they are approval-based as taxpayers gets you over the restoration requirement. And I mean the restoration requirement, there's no reason for a restoration requirement here where a receiver is involved. The restoration requirement makes sense as applied to a taxpayer, right? You don't want the taxpayer to get the money from the IRS and then keep it. But at the same time, you don't want a receiver who the money is going to come to the federal district court and there's no danger at all that the money won't be disposed of in the correct manner to the consumers whose money it is and always was. But if you can't get by your 1341 problem we don't even get to the issue of restoration. That's correct. That's correct. But I think, you know, we've been over it. I'll reserve the little time I have left in case the government has anything further. You've got 36 seconds. Finish. Thank you. Your Honor, I think that the court is exactly correct that the findings of intentional fraud in the underlying class action lawsuits as affirmed by this court are dispositive of the question whether the underlying taxpayers could obtain Section 1341 treatment and is therefore dispositive of the receiver's claim for that same treatment here. With respect to the allegations that the IRS was complicit in this fraud and things like that based upon the approval of 501c3 applications as we discussed in our brief applications for 501c3 recognition are granted based upon statements made in those applications and in this case as this court affirmed on the appeal in the underlying Zimmerman class action the taxpayers here were found to have operated their businesses not in compliance with those laws meaning after the time of their applications the way that they actually went forward and operated their businesses was not in compliance with the laws and the court in that case found intentional fraud on behalf of the taxpayers. If they're intentionally committing fraud they know that they're doing it and so this notion that somehow they were unaware of their own fraudulent activity simply makes no sense. Jumping ahead even assuming for point of argument that the court was willing to accept the receiver's argument that they could obtain Section 1341 treatment they also must establish that there's a deduction available in the year of restoration in order to be able to carry that deduction backwards to the prior years of income as is allowed by Section 1341 and here the receiver simply cannot establish that there would be any deduction available beyond the amount of those funds that were paid into the Qualified Settlement Fund in the years in question and in the court below the government agreed that they would be entitled to a deduction in those years for the amounts that they paid into the Qualified Settlement Fund but that's the full extent of the deduction that's allowed. The suggestion that somehow the creation of the constructive trust constitutes a payment into the Qualified Settlement Fund for purposes of satisfying the requirements of economic performance and the all events test simply as the district court found makes no sense. There is no transfer of funds into the Qualified Settlement Fund that could be used to pay claimants victims of the underlying fraud from that fund. As the district court found that really is nothing more than the transfer of an obligation of payment into the Qualified Settlement Fund and the district court and I think everybody involved in the case understands that there is no more money coming. There will be nothing else collected through that constructive trust to be deposited into the Qualified Settlement Fund to be paid out to the claimants. And so the deduction if any available is limited to the amount that has already been deposited into the Qualified Settlement Fund and it can be taken only in the year in which it was paid because Section 1341 treatment to carry it back to the prior years of income is not available. Let me just check with my colleagues as to whether they have any further questions. No. Thank you both. I just want to address the subjective No. You gave up your time. I warned you. Okay. All rise.